IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| Plaintiff, | : | NO. 09-496-04 |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| JOSEPH MASSIMINO, | : | |
| Defendant. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                        DECEMBER 20, 2011

## I. INTRODUCTION

The issue before the Court is the Government's Motion
for the Disqualification of Defendant Joseph Massimino's counsel
of record, Joseph Santaguida, Esq. For the following reasons,
the Court finds that Mr. Santaguida faces an actual and a
serious potential for conflict of interest with respect to two
other co-defendants in the case. However, as effective waivers
are obtainable in this case, the Court will permit Mr.
Santaguida to continue to represent Defendant Massimino provided

1

that, Defendant Massimino and co-Defendant Joseph Ligambi enter informed waivers of the respective conflicts of interest.

## II.   BACKGROUND

The Defendant Joseph Massimino is one of thirteen defendants charged in a fifty-count superseding indictment. The case emerged from a criminal investigation spanning ten years and has been designated a complex case due to the number of defendants and the nature and quantity of evidence, including over 14,000 intercepted wire and oral communications. See ECF No. 166. Among other counts, Defendant Massimino is charged with conspiring to conduct and participate in the conduct of the affairs of the criminal enterprise of the Philadelphia La Cosa Nostra Family ("LCN") through a pattern of racketeering activity and through the collection of unlawful debts. Defendant Massimino, a/k/a Mousie, is alleged to be a long-standing "made member," and the "underboss" of the LCN. Compl. ¶ 5.

Following the indictment, on May 24, 2011, Joseph Santaguida, Esq., entered an appearance on behalf of Defendants Ligambi and Massimino. ECF Nos. 20 & 23. Mr. Santaguida represented both Defendants in connection with their initial appearances. ECF Nos. 24 & 29. However, since June 5, 2011, Mr. Santaguida has only represented Defendant Massimino. ECF No. 98.

Mr. Santaguida, along with attorney Robert Mozenter, has previously represented Louis Monacello ("Monacello") in two state criminal cases relevant to the case at hand. Id. at 8. On July 22, 2008, Monacello was arrested and charged by the Pennsylvania Attorney General's Office in two separate criminal matters.[1] Id. at 7. In the case filed in the Court of Common Pleas of Delaware County, Pennsylvania, Monacello was charged with crimes involving racketeering, conspiracy, and illegal gambling. Id. In the case filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, Monacello was charged with soliciting someone to commit an aggravated assault on Martin Angelina, an alleged made member of the Philadelphia La Cosa Nostra ("LCN") Family and a co-defendant in this case. Id. at 8. According to Mr. Santaguida, his involvement in the two state cases consisted of counseling a waiver of the preliminary hearing in the former case, and conducting a preliminary hearing in the latter case. ECF No. 287, at 3-5.

In the case at bar, Monacello pleaded guilty and will testify at trial as a cooperating witness for the Government. Id. Moreover, the Government states that it will present evidence at trial to show that Monacello's criminal activities charged in the two state cases were committed in furtherance of

---

[1] Both state criminal cases were resolved through guilty pleas. ECF No. 271, at 8 n.3.

the racketeering enterprise of the Philadelphia LCN Family. Id. Given these circumstances, the Government argues that Mr. Santaguida's former representation of Monacello presents an actual conflict of interest that requires disqualification because he would be placed in the position of cross-examining a former client after presumably having learned confidential information during the course of the prior representation.

Mr. Santaguida has also represented co-Defendant Ligambi in connection with his case. In addition to appearing on behalf of Defendant Ligambi in connection with his initial appearance, Mr. Santaguida subsequently represented Defendant Ligambi for his arraignment and pretrial detention hearing.[2] See ECF Nos. 29 & 60. On June 5, 2011, Mr. Santaguida withdrew his appearance on behalf of Defendant Ligambi and entered his appearance on behalf of Defendant Massimino. ECF Nos. 97 & 98. Based on these facts, the Government additionally asserts that Mr. Santaguida faces a serious potential for conflict of interest because of conflicting loyalties to his former and current client. ECF No. 271, at 11-12.

Mr. Santaguida has represented Defendant Massimino since 1968 in various other criminal matters and was and

_____

[2] Robert Gamburg, Esq., represented Defendant Massimino in connection with his arraignment and detention hearing on May 27, 2011. ECF No. 68.

4

continues to be Defendant Massimino's choice with respect to
counsel in this matter. ECF No. 287, at 7. Moreover, since June
2011, Mr. Santaguida has worked a significant number of hours on
Defendant Massimino's defense, including but not limited to,
filing bail appeals, visiting Defendant Massimino at the Federal
Detention Center, participating in status conferences, and
familiarizing himself with the voluminous discovery in this
case. Id.

## III. MOTION FOR DISQUALIFICATION

The Government seeks to disqualify Joseph Santaguida,
Esq., from representing Defendant Massimino because of an actual
and serious potential for conflict of interest.[3] Specifically,
the Government argues first, that Mr. Santaguida faces an actual
conflict of interest because he previously represented
Monacello, a co-defendant who has pleaded guilty and will
testify at trial as a cooperating witness. Second, the
Government contends Mr. Santaguida is potentially conflicted

---

[3] Before filing its motion for disqualification, the Government
discussed the situation with Mr. Santaguida and afforded him an
opportunity to determine for himself whether recusal was
warranted. The Government claims that Mr. Santaguida considered
the issue and advised the Government that he would object to his
disqualification. Mr. Santaguida claims that the discussion
consisted of the Government calling on Friday, November 19,
2011, to inform him that the motion would be filed on Monday,
November 21, 2011. ECF No. 287.

because he previously represented co-Defendant Ligambi in this case.[4]

Mr. Santaguida responds that there is no legitimate reason to disqualify him because his previous representations of Monacello and co-Defendant Ligambi were of a limited nature and the Government cannot point to any evidence that Mr. Santaguida obtained any privileged communication from either co-defendant.

In assessing each of the Government's arguments, the Court will undertake a two-step analysis. First, it will determine whether the Government has demonstrated the existence of an actual conflict of interest or a serious potential for a conflict of interest concerning Mr. Santaguida's representation of Defendant Massimino in this case, given his previous representations of Monacello and co-Defendant Ligambi. Second, if the Court determines that an actual conflict or a serious potential for conflict exists, the Court must then determine whether a waiver of the conflict is both permissible and appropriate in this case.

---

[4] Mr. Santaguida was previously disqualified with respect to the last prosecution of the members and associates of the Philadelphia LCN Family in the Eastern District of Pennsylvania. See United States v. Merlino, Crim. No. 99-0363 (E.D. Pa. Oct. 11, 2000)(order granting motion for disqualification). Judge Herbert J. Hutton granted the Government's motion to disqualify Mr. Santaguida due to contact he had with a co-conspirator and for his former representation of four of the remaining nine defendants.

A.    Legal Standards Of Review

The Sixth Amendment of the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. Const. amend. VI; Roe v. Flores-Ortega, 528 U.S. 470 (2000). The purpose of the right to counsel is "'to protect the fundamental right to a fair trial.'" Lockhart v. Fretwell, 506 U.S. 364, 368 (1993) (quoting Strickland v. Washington, 466 U.S. 668, 684 (1984)). Derivative of the right to effective assistance of counsel is a defendant's right to representation by the counsel of his choice. United States v. Gonzalez-Lopez, 548 U.S. 140, 144 (2006); see United States v. Moscony, 927 F.2d 742, 748 (3d Cir. 1991)("[A] presumptive right to the counsel of one's choice has been recognized as arising out of the Sixth Amendment."). The primary purpose of these rights is to grant a criminal defendant control over the conduct of his defense—as "it is he who suffers the consequences if the defense fails." Moscony, 927 F.2d at 748 (quoting Farretta v. California, 422 U.S. 806, 820 (1975)). However, one ground for denying a defendant the counsel of his choice is when the attorney has an actual conflict or a serious potential for conflict in representing the defendant. Wheat v. United States, 486 U.S. 153, 159 (1988).

Another set of "rights" also guide the Court in this case, "[s]temming not from the Sixth Amendment but from the ethical precepts that govern the legal profession." Moscony, 927 F.2d at 748. The Supreme Court explained that "[w]hen a trial court finds an actual conflict of interest which impairs the ability of a criminal defendant's chosen counsel to conform with the ABA Code of Professional Responsibility, the court should not be required to tolerate an inadequate representation of a defendant." Wheat, 486 U.S. at 162. In delineating the ethical duties governing a given situation, the Pennsylvania Rules of Professional Conduct, 204 Pa. Code § 81.4 ("RPC"), provide a useful template against which to measure the conduct of lawyers subject to a disqualification motion.[5] See In Re Grand Jury Investigation, No. 03-123, 2006 WL 2385518, at *3 (E.D. Pa. May 16, 2006) (finding that the RPC provide a useful guide for considering the ethical conduct of lawyers subject to a disqualification motion).

In evaluating a motion to disqualify an attorney, there is a presumption in favor of a defendant's choice of counsel. U.S. v. Stewart, 185 F.3d 112, 121 (3d Cir. 1999)(citing Wheat, 486 U.S. at 164). When seeking

---

[5] The Local Rules of Civil and Criminal Procedure for the Eastern District of Pennsylvania require attorneys practicing in the district to comply with the RPC. See E.D. Pa. R. Civ. P. 83.6; E.D. Pa. R. Crim. P. 1.2.

disqualification, the Government bears the burden of overcoming this presumption by showing that the attorney in question has an actual or serious potential for conflict. Wheat, 486 U.S. at 164; Stewart, 185 F.3d at 121-22. When determining whether the Government has met this burden, the trial court must balance "a defendant's Sixth Amendment right to counsel of choice against the interests of the proper and fair administration of justice."[6] United States v. Voigt, 89 F.3d 1050, 1074 (3d Cir. 1999). As the Third Circuit noted, this "is no simple task" as '"[t]he likelihood and dimensions of nascent conflicts of interest are notoriously hard to predict, even for those thoroughly familiar with criminal trials.'" Id. at 1076 (quoting Wheat, 486 U.S. at 162-63).

   With these principles in hand, and in light of the facts of this complex criminal case, the Court turns to apply these teachings here.

   B.   Discussion

      The Government contends that Mr. Santaguida should be disqualified from representing Defendant Massimino because he

---

[6] The "fair and proper administration of justice" side of the equation merely '"includ[es] the interests governing the practice of law'; it is neither defined nor circumscribed by these standards." Voigt, 89 F.3d at 1076 n.12 (quoting Davis v. Stamler, 650 F.2d 477, 479-80 (3d Cir. 1981)). "[T]he disqualification of a defendant's chosen counsel need not be . . . predicated on a finding of a specific RPC violation." Id.

previously represented Monacello, a government witness in this case, in related state court matters. The Government also argues that Mr. Santaguida can be disqualified from representing Defendant Massimino because he is burdened with a serious potential for conflict because of his prior representation of co-Defendant Ligambi. The Court will address each of these arguments in turn.

    1. <u>Mr. Santaguida faces an actual conflict of interest because his loyalty is divided between Defendant Massimino and his former client Monacello.</u>

In the circumstances of this case, there can be no doubt that Mr. Santaguida's loyalty would be divided between a current client and a former client because an attorney who cross-examines former clients inherently encounters divided loyalties. <u>Moscony</u>, 927 F.2d at 750. The Third Circuit has found an attorney's representation intolerable, and therefore warranting disqualification, where he or she has conflicting duties of loyalty to his or her current and former clients. <u>See</u> <u>Stewart</u>, 185 F.3d at 121 (stating that although "the typical scenario where disqualification becomes necessary entails an attorney's attempt to represent multiple defendants in the same prosecution," conflicts arise where a defendant's counsel of

choice has "divided loyalties due to concurrent or prior representation of another client who is a co-defendant, a co-conspirator, or a government witness" (internal quotation and emphasis omitted)). Such a situation occurs where the attorney has previously obtained confidential information or is placed in the position of cross-examining his or her former client at the trial of his or her current client. See Moscony, 927 F.2d at 750 (upholding motion to disqualify where witnesses testified that they revealed confidential information to defense counsel which could be used against them during cross-examination at trial).

Here, Mr. Santaguida is presented with the actual conflicting interests of his current client Defendant Massimino, and a former client Monacello. Clients, including former clients, have a right not to have their confidential communications with their attorneys revealed.[7] Indeed the Rules of Professional Conduct forbid attorneys from revealing not only the confidential communications of former clients, but any and all information "relating to" the prior representation of those clients, unless the clients give their informed consent.[8]

---

[7] This ethical duty complements, but is distinct and broader than the attorney-client privilege, which is a right belonging to the client. See 204 Pa. Code § 81.4 (Rule 1.6(a)).

[8] The rule provides, in part: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent . . . ." 204 Pa. Code § 81.4

Furthermore, attorneys are forbidden without informed consent
from using information relating to a prior representation to
their former client's disadvantage.[9]

---

(Rule 1.6(a)). And "[t]he duty not to reveal information
relating to representation of a client continues after the
client-lawyer relationship has terminated." Id. (Rule 1.6 (d)).

[9] Rule 1.7 states as follows:

(a) Except as provided in paragraph (b), a lawyer
shall not represent a client if the representation
involves a concurrent conflict of interest. A
concurrent conflict of interest exists if:

(1) the representation of one client will be
directly adverse to another client; or

(2) there is a significant risk that the
representation of one or more clients will be
materially limited by the lawyer's responsibilities to
another client, a former client or a third person or
by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent
conflict of interest under paragraph (a), a lawyer may
represent a client if:

(1) the lawyer reasonably believes that the
lawyer will be able to provide competent and diligent
representation to each affected client;

(2) the representation is not prohibited by law;

(3) the representation does not involve the
assertion of a claim by one client against another
client represented by the lawyer in the same
litigation or other proceeding before a tribunal; and

(4) each affected client gives informed consent.

Rule 1.9(a) states:

Mr. Santaguida is caught between Defendant Massimino's rights to conflict-free representation of counsel, and to have Mr. Santaguida as his counsel and Monacello's right not to have information relating to Mr. Santaguida's prior representation of him revealed to his disadvantage upon cross-examination. Notwithstanding Mr. Santaguida's assurances that his former representation of Monacello was limited in scope[10] and did not include information beyond that which the Government is required to disclose due to Monacello's status as a government witness, an actual conflict of interest exists because Mr. Santaguida is conclusively presumed to have received privileged information during his prior representation of Monacello[11] regardless of the

---

    (a)  A lawyer who has formerly represented a client in
         a matter shall not thereafter represent another
         person in the same or a substantially related matter
         in which that person's interests are materially
         adverse to the interests of the former client unless
         the former client gives informed consent.

[10] Mr. Santaguida emphasized both in his response to the Government's motion as well as in oral argument that his involvement in the two state cases was very limited consisting of a waiver of one hearing, and a preliminary hearing in the other, with no discovery in either and no testimony having been given by Monacello. ECF No. 287, at 3-5.

[11] The Court recognizes that in United States v. Fumo, 504 F. Supp. 2d 6, 29 (E.D. Pa. 2007), the District Court held that the presumption in Provenzano did not "appear warranted with respect to information that does not relate to the [current] representation." In the instant case, Mr. Santaguida's previous representation of Monacello bears directly on the case at hand and involves the same type of criminal activity as alleged in

length of that representation and faces cross-examination of his former client. See United States v. Provenzano, 620 F.2d 985, 1005 (1980) (finding that there "would be . . . a conflict of interest situation between the duty of vigorous representation of [the defendant] and the duty of loyalty to [the former client], since confidences relating to [the former client's] murder conviction and events of that period would be useful to impeach him as a witness against [the defendant]"). Thus, the Court finds that Mr. Santaguida's former representation of Monacello presents an actual conflict of interest for which he could be disqualified.

> 2. Mr. Santaguida faces a serious potential for conflict of interest because of his previous representation of Defendant Ligambi.

The Government argues that Mr. Santaguida also faces a serious potential for a conflict of interest based on the fact that, prior to being retained by Defendant Massimino, he represented co-defendant Ligambi in this case. The Government asserts that Mr. Santaguida has a continuing duty to respect the interests of Joseph Ligambi, creating the potential that Mr. Santaguida's duty to provide a vigorous defense for Defendant Massimino might clash with his abiding duty of loyalty to

the current indictment. Thus, this case is squarely within the Provenzano presumption that privileged information was received.

Defendant Ligambi. The Government claims that it is reasonably conceivable in conspiracy cases that the legal interests and strategies of co-defendants such as Ligambi and Massimino may collide and become opposed.

Mr. Santaguida responds that he was only involved in Defendant Ligambi's pretrial detention hearing and did not have any significant substantive involvement in connection with Defendant Ligambi's case. Moreover, Mr. Santaguida states that both Defendants Massimino and Ligambi have agreed to waive any possible conflict issue and that neither Defendant objects to counsel's representation.

On the basis of the current record, the Government has also met its burden of demonstrating a serious potential for a conflict of interest due to Mr. Santaguida's prior representation of co-Defendant Ligambi in the current case. Although Mr. Santaguida's previous representation of Defendant Ligambi was limited in time and subject matter, a divergence of legal interests and strategies could emerge over the course of this case which could implicate Mr. Santaguida's abiding duty of loyalty to his former client Defendant Ligambi while negatively affecting Mr. Santaguida's ability to defend Defendant Massimino vigorously. Defendant Ligambi, for example, could decide to testify in the case or plea bargain and become a witness for the

Government and confidences Mr. Santaguida learned through his prior representation could be used to impeach Defendant Ligambi. Under these circumstances, Mr. Santaguida faces a serious potential for a conflict through his continued representation of Defendant Massimino, which may or may not burgeon into an actual conflict as the trial progresses.

###### 3. Potential for Waivers

Having decided that Mr. Santaguida's prior representations place him in the fork of divided loyalties, the next issue is whether informed waivers can be obtained consistent with public policy. The Court is obligated to examine whether waivers are feasible under these circumstances and the validity and effectiveness of any waivers submitted to cure the identified conflicts of interest. See Gov't of Virgin Islands v. Zepp, 748 F.2d 125, 139 (3d Cir. 1984) ("The court should also determine whether there has been a waiver of the conflict, whether the waiver was effective or whether a waiver was possible."). Waivers are not dispositive cures to identified conflicts. Moscony, 927 F.2d at 749. "Federal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them,"

thus the Court may override represented parties' waivers of
conflicts of interest. _Wheat_, 486 U.S. at 160; _see also_ _Stewart_,
185 F.3d at 122 ("[A] district court has discretion to
disqualify counsel if a potential conflict exists . . . . even
where the represented parties have waived the conflict."
(citation omitted)).

With respect to Mr. Santaguida's previous
representation of Monacello the balance between Defendant
Massimino's right to counsel of choice and the fair and proper
administration of justice weighs in favor of allowing Defendant
Massimino to waive the conflict. Even though the information
related to the state cases is closely related to the events
alleged in the indictment, Mr. Santaguida's previous services on
behalf of Monacello were limited in nature and subject matter.
_See_ _infra_ pp. 3-4. Moreover, Defendant Massimino has had a long-
standing relationship with Mr. Santaguida, and Mr. Santaguida
has expended a considerable amount of time and effort on behalf
of Defendant Massimino in this case. The Court finds that a
waiver would be consistent with the fair and proper
administration of justice and is obtainable with respect to this
conflict. Therefore, the Court seeks to provide Defendant

Massimino[12] with the opportunity to make a knowing and voluntary waiver of his right to be represented by an attorney without a conflicting interest.

Similarly, with respect to Mr. Santaguida's prior representation of co-Defendant Ligambi, the Court finds waivers obtainable due to the limited nature of the prior representation and Defendant Massimino's long-standing relationship with Mr. Santaguida. Accordingly, the Court will also provide co-Defendant Ligambi with the opportunity to waive any serious potential for conflict of interest.

## IV. CONCLUSION

For the reasons stated above, the Court will grant in part the Government's Motion to Disqualify Mr. Santaguida to the extent that Mr. Santaguida does face an actual conflict in connection with his prior representation of Monacello and a serious potential for conflict in connection with his prior representation of Defendant Ligambi. However, the Government's Motion to Disqualify will be denied in part as the Court finds these conflicts to be waivable as long as Defendants Massimino and Ligambi provide informed waivers. To that end, the Court

---

[12] To that end the Court will appoint separate conflict counsel for Defendant Massimino for purposes of submitting a waiver of his right to be represented by an attorney without a conflicting interest.

will hold hearings with each affected party on the issue of informed waivers.[13] An appropriate order shall follow.

---

[13] If any other Defendant wishes to assert any interest in the outcome of the motion to disqualify, that Defendant should submit his position in writing to the Court before January 6, 2012.