```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION |
| | : | NO. 09-00496-01, -03, -04, |
| | : | -05, -08, -10, -11, -14, -15 |
| v. | : | |
| | : | |
| JOSEPH LIGAMBI, | : | |
| ANTHONY STAINO, JR., | : | |
| JOSEPH MASSIMINO, | : | |
| GEORGE BORGESI, | : | |
| DAMION CANALICHIO, | : | |
| LOUIS BARRETTA, | : | |
| GARY BATTAGLINI, | : | |
| JOSEPH LICATA, and | : | |
| LOUIS FAZZINI, | : | |
| | : | |
| Defendants. | : | |


                         M E M O R A N D U M

EDUARDO C. ROBRENO, J.                            AUGUST 21, 2012


**I.   INTRODUCTION**

      Defendant Ligambi moves to dismiss Count Thirty-Nine

of the Second Superseding Indictment[1] charging Defendant Ligambi

---

[1] The Second Superseding Indictment was filed on April 18, 2012, and unsealed on April 26, 2012. See ECF No. 407. The Third Superseding Indictment was filed on July 25, 2012, while Defendant Ligambi's Motion to Dismiss Count Thirty-Nine was pending. ECF No. 725. Even though Defendant's motion and the Government's response were written before the Third Superseding Indictment was filed, this memorandum evaluates the Defendant's

1

and Defendant Staino, Jr., with a conspiracy to make extortionate extensions of credit in violation of 18 U.S.C. § 892(a). Def.'s Mot. 2, ECF No. 645. For the following reasons, the Court will deny Defendant's Motion.

**II.   BACKGROUND**

Defendant Ligambi is one of fourteen defendants charged in a fifty-two count Third Superseding Indictment. The case emerged from a criminal investigation spanning ten years and has been twice designated a complex case due to the number of defendants and the nature and quantity of evidence, which includes over 14,000 intercepted wire and oral communications. See ECF Nos. 166, 520. Among other counts, Defendants are charged with conspiring to conduct and participate in the conduct of the affairs of the criminal enterprise of the Philadelphia La Cosa Nostra ("LCN") Family through a pattern of racketeering activity and through the collection of unlawful debts.

Defendant Ligambi moves to dismiss Count Thirty-Nine of the Second Superseding Indictment charging Defendant Ligambi and Defendant Staino, Jr., with a conspiracy to make

---

motion to dismiss while taking into account the additional factual details, if any, provided in the Third Superseding Indictment with respect to Count Thirty-Nine.

extortionate extensions of credit, averring that the allegations in the indictment fail to establish the necessary elements to sustain a conspiracy pursuant to 18 U.S.C. § 892(a). Def.'s Mot. 2. Defendant contends that the averments of Count Thirty-Nine are deficient because, first, an advance of money was not alleged, and second, no explicit or implicit threat was alleged. Id. at 3-7. The Government responds that the Defendant's motion must be denied because Count Thirty-Nine does sufficiently allege a violation of § 892(a) and Defendant's motion inappropriately seeks to test the sufficiency of the Government's evidence. Gov't's Resp. 3, ECF No. 710. After hearing oral argument on August 9, 2012, the motion is now ripe for disposition.

**III. LEGAL STANDARDS**

When considering a motion to dismiss an indictment, the Court accepts as true the factual allegations contained in the indictment and determines only whether the indictment is valid on its face. See Boyce Motor Lines v. United States, 342 U.S. 337, 343 n.16 (1952). Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to "be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Third Circuit has held that:

3

> [A]n indictment [is] sufficient so long as it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." United States v. Vitillo, 490 F.3d 314 (3d Cir. 2007) (internal quotation marks omitted). Moreover, "no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." United States v. Rankin, 870 F.2d 109, 112 (3d Cir. 1989).

United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007). An indictment is insufficient when it "fails to state an offense if the specific facts alleged in the charging document fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation." United States v. Panarella, 277 F.3d 678, 685 (3d Cir. 2002); see also United States v. Schiff, 602 F.3d 152, 162-66 (3d Cir. 2010) (indictment alleging "failure to rectify misstatements of others" does not, as a matter of law, state an offense under securities statute that criminalizes omissions of information). The question is merely whether the indictment put the defendants on notice as to the nature of the charges against them, and whether the facts, if proven, are sufficient as a matter of law for a jury to convict.

A ruling on a motion to dismiss is not, however, "a permissible vehicle for addressing the sufficiency of the government's evidence." United States v. DeLaurentis, 230 F.3d

4

659, 660-61 (3d Cir. 2000). "'Evidentiary questions'—such as credibility determinations and the weighing of proof—'should not be determined at th[is] stage.'" United States v. Bergrin, 650 F.3d 257, 265 (3d Cir. 2011) (quoting United States v. Gallagher, 602 F.2d 1139, 1142 (3d Cir. 1979)). Rather, "[t]he government is entitled to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29." DeLaurentis, 230 F.3d at 661.

Having reviewed the legal principles governing motions to dismiss a criminal indictment, the Court turns now to the elements necessary to allege a conspiracy to violate 18 U.S.C. § 892(a). Section 892(a) makes it unlawful to make or conspire to make any "extortionate extension of credit." Section 891(6) defines an extortionate extension of credit as "any extension of credit with respect to which it is the understanding of the creditor and the debtor at the time it is made that delay in making repayment or failure to make repayment could result in the use of violence or other criminal means to cause harm to the person, reputation, or property of any person." Section 891(1) defines extension of credit as "to make or renew any loan, or to enter into any agreement, tacit or express, whereby the repayment or satisfaction of any debt or claim, whether

5

acknowledged or disputed, valid or invalid, and however arising, may or will be deferred."

As the Third Circuit has noted, Congress intended "extension of credit" to be liberally construed and broadly applied. See United States v. Traitz, 871 F.2d 368, 387-88 (3d Cir. 1989) (defendants' policy requiring union contractors to make minimum monthly payment at the end of each month constituted an extension of credit under § 891(1)); United States v. DiPasquale, 740 F.2d 1282, 1287-88 (3d Cir. 1984). In DiPasquale, the defendants claimed that an indictment charging a conspiracy to collect and substantive counts of collections of extensions of credit by extortionate means in violation of § 894(a)(1), failed to alleged an extension of credit within the meaning of § 891(1). The defendants denied that any loans were made to any of the victims, or that the defendants had agreed to defer repayments of debts. The government's evidence showed that the defendants had demanded and collected money from the victims based on fictitious claims that the victims owed debts. The Third Circuit rejected the defendants' challenge to the sufficiency of the indictment, reasoning as follows:

> We conclude that under section 891(1), an agreement to defer the repayment of a debt may be implied from the debt, even if the debt is wholly fictitious. When a self-styled creditor appears before his "debtor" and demands satisfaction, the creditor posits both a debt

> and the prior deferral of its repayment. We believe that the definition of an extension of credit encompasses this type of transaction, which the indictment before us accurately describes as the collection of a claimed debt.

DiPasquale, 740 F.2d at 1287.

## IV. DISCUSSION

Defendant maintains that Count Thirty-Nine must be dismissed because it fails to state an offense in violation of in violation of 18 U.S.C. § 892(a). In his motion, Defendant argues that the "facts alleged state only that the defendants eliminated a debt that [Associate #1] owed to another individual, and then demanded money in return—an extension of credit requires an actual advance of money, and none is alleged." Def.'s Mot. 3. Moreover, while Defendant admits that Count Thirty-Nine avers that the Defendants had an understanding that delay in repayment would result in physical harm to the debtor, Defendant asserts that the Government cannot prove an implied threat because "the government cannot produce Staino or Ligambi to testify that it was their intention to communicate a threat by their very presence, as the underboss did in DiSalvo." Id. at 6.

Count Thirty-Nine properly avers an extension of credit within the meaning of § 891(1), as construed by the Third Circuit in DiPasquale. The plain language of Count Thirty-Nine

7

states that after Defendant Ligambi told Associate #1 he did not have to repay PC,[2] Defendant Ligambi told Associate #1 to see Defendant Staino, Jr. Third Superseding Indictment 42. Count Thirty-Nine further avers that Defendant Staino, Jr., later told Associate #1 that he had to pay Defendant Ligambi and Defendant Staino, Jr., $10,000. Id. These averments state that Defendants Ligambi and Staino, Jr., asserted a claim against Associate #1 and their understanding that satisfaction of the claim would be deferred. In other words, defendants approached a debtor and asserted a claim for future payment, thereby asserting both a debt and its deferral simultaneously. See DiPasquale, 740 F.2d at 1287 ("[A]n agreement to defer the repayment of a debt may be implied from the debt, even if the debt is wholly fictitious.").[3]

As to Defendant Ligambi's second argument that the Government's "assertion that [Defendants'] payment requests or even demands carried with them the 'understanding' that harm would result cannot be supported," the Court finds that this

---

[2] "PC" is a reference to an individual known to the grand jury and is the reference used in the Third Superseding Indictment at Count Thirty-Nine.

[3] Defendant cites to United States v. Madori, 419 F.3d 159 (2d Cir. 2005), for the proposition that "an extortionate extension of credit requires a loan." Def.'s Mot. 3. However, a close reading of Madori demonstrates that the case does not support this proposition nor does it imply such a narrow reading of 18 U.S.C. § 891(1).

argument goes toward the sufficiency of the Government's evidence. Def.'s Mot. 6. A ruling on a motion to dismiss is not "a permissible vehicle for addressing the sufficiency of the government's evidence." DeLaurentis, 230 F.3d at 660–61. Here, Count Thirty-Nine properly avers that it was part of the conspiracy that Defendant Staino, Jr., told Associate #1 that he had to pay Defendants Ligambi and Staino, Jr., $10,000 for eliminating his usurious debt to PC, "with the understanding that delay in the payment of this amount would result in violence or other harm being directed toward Associate #1." Third Superseding Indictment 43. Accordingly, Count Thirty-Nine properly avers an understanding that extortionate means would be used to collect the extension of credit to Associate #1.

In sum, Count Thirty-Nine properly avers conspiracy to make extortionate extensions of credit in violation of 18 U.S.C. § 892(a), in accordance with the pleading requirements of Rule 7(c), and thus the Court will deny Defendant's motion to dismiss Count Thirty-Nine.

**III. CONCLUSION**

The Court denies Defendant Ligambi's Motion to Dismiss Count Thirty because Count Thirty-Nine properly charges conspiracy to make extortionate extensions of credit in

9

violation of 18 U.S.C. § 892(a). An appropriate order will follow.